United States District Court
Southern District of Texas

**ENTERED**

August 29, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKR. CASE NO. 13-36744-H5-13 |
| KAREN KRISTINE SILVIO, | § | |
| | § | |
| Debtor | § | |

-----------------------------------------------------------------

| | | |
|---|---|---|
| KAREN KRISTINE SILVIO, | § | |
| | § | |
| Appellant/Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-2118 |
| | § | ADVERSARY NO. 15-3096 |
| NATURAL AND LEGAL PERSONS ACTING | § | |
| AS A SKIP TRACING CO. COLLECTION | § | |
| AGENCY AND/OR REPOSSESSION | § | |
| AGENCY AND d/b/a "NATIONAL | § | |
| RECOVERY," et al., | § | |
| | § | |
| Appellee/Defendants. | § | |

### OPINION AND ORDER

The above referenced appeal seeks relief from a Final Order entered on July 14, 2015 by Bankruptcy Judge Karen Brown in Adversary Proceeding 15-3096, holding *pro se* Appellant Karen Kristine Silvio ("Silvio") in contempt for making untrue statements in a motion about opposing counsel, Glenn J. Fahl, attorney for Appellee Automobile Recovery Bureau, Incorporated d/b/a National Recovery ("National Recovery"), and requiring her to pay $900 to counsel. Silvio has failed to pay the monetary sanction despite numerous subsequent hearings before the Bankruptcy Court on the matter.

Because the Court finds that Appellant Silvio's brief (#14) in parts difficult to understand and digressive from the contempt

-1-

order at issue,[1] the Court has relied substantially on the bankruptcy court record[2] to summarize the bankruptcy case and to focus on the limited nature of this appeal on one order in the Adversary Proceeding and the single issue it presents.

Silvio filed a personal injury assault suit (Cause No. 2010-55236, *Karen Silvio v. Natural and Legal Persons Acting as Skip Tracing Co., Collection Agency and/or Repossession Agency and Doing Business as National Recovery*) in the 152nd District Court of Harris County, Texas against National Recovery.  On November 14, 2014 the parties' dispute reached a settlement in mediation, with all parties signing the agreement.  Almost immediately Silvio filed a motion to revoke the settlement agreement in the state court action, and National Recovery sought to enforce it.

Silvio filed a Chapter 13 Voluntary Petition for Relief on December 4, 2014.  As evidenced in the Motion for Relief From Stay filed by National Recovery (#38 in H-14-36744) and others and Silvio's Complaint Objecting to Enforcement of Settlement Agreement, Attorney's Fees for a Day of Mediation, and Attorney's Lien filed in both the state court suit and the Adversary Proceeding (#6-2), Silvio's voluntary Chapter 13 bankruptcy case

---

[1] In Appellee's brief, Mr. Fahl has voiced objections of misrepresentation to Silvio's Statement of the Case, Issue presented, and Statement of Facts.  #15 at p. 6.

[2] Silvio's designated record is found at #6 in the instant appeal.

was filed in response to a foreclosure on Silvio's property at 23106 Naples Drive, Spring, Texas 77373 and to prevent the threatened eviction of Silvio from it. National Recovery filed its Motion for Conditional Relief from the Automatic Stay (#38 in H-14-36744; #6-4 in H-15-2118) in Silvio's Chapter 13 bankruptcy proceeding to allow the state court personal injury suit to proceed, and on March 4, 2015 Judge Brown granted the motion (#50 in H-14-36744). On April 2, 2015, Silvio filed Adversary Proceeding 15-3096 in her bankruptcy proceeding (#67 H-14-36744; #6-4 in H-15-2118), based on the same facts as the state court personal injury suit, with Silvio again seeking revocation of the mediated settlement agreement. #67 in H-14-36744; #6-2 in H-15-2118.

Meanwhile on March 4, 2015 the Chapter 13 bankruptcy trustee filed a motion to dismiss the bankruptcy case (#47 in H-14-36744; #6-4 in H-15-2118) on the grounds that despite warnings, Silvio had failed to file a complete Chapter 13 Statement and Plan or to convert it to Chapter 7.[3] On April 21, 2015 Judge Brown granted the trustee's motion, including a *sua sponte* dismissal of the Adversary Proceeding (#71 in H-14-36744; #6-5 and 6-2, p. 25 in H-

---

[3] Bankruptcy Rule of Procedure 707(a)(3) states, "The court may dismiss a case under [chapter 11 or 13] only after notice and a hearing and only for cause, including . . . failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee."

15-2118 ), with prejudice to Silvio's right to file another case
for a period of 180 days.  On April 28, 2015 Silvio in turn filed
a motion to vacate the order dismissing the bankruptcy case (#73 in
H-14-36744; #6-5, p.3 in H-15-2118).  According to counsel for
National Recovery in its motion for contempt (#76 in H-14-36744;
#6-5 p. 3 H-15-2118), in her motion to vacate Silvio "made untrue,
unsupported  and  scandalous  statement[s]  directed  at  National
Recovery and its counsel in violation of the Federal Rules of Civil
Procedure and Federal Rules of Bankruptcy Procedure."[4]

---

[4] Fahl and National Recovery's motion for contempt (#76 at pp.
2-3) is based on the following statements made by Silvio in her
motion to vacate the dismissal order (#73)(bold type representing
Fahl's contentions is used in the original):

10. In paragraph 12 of her Motion to Vacate Dismissal
Order . . . Debtor states, as follows [*sic*]:

[in a telephone conversation that Debtor apparently had with
Ms. Dawn Hitchcock in the office of the Chapter 13 Trustee],
Debtor states, in paragraph 12 of her Motion to Vacate, as
follows:

"12. Debtor questioned Ms. Hitchcock regarding the
statement she had made of 'all her Creditors' because
Debtor only had one, Ocwen Loan Servicing/Deutsche,
which was the wrongful foreclosure case and further
explained that Debtor was actually the Plaintiff
against Natural Legal Persons in State District Court,
in a personal injury case, when Debtor was assaulted.
Ms. Hitchcock then realized the misinformation she had
received from Attorney, Glenn Fahl, and Defense
Attorney for Natural Legal Persons, in the personal
injury assault case, as opposed to his being a
Creditor."

11. **Other than one brief exchange at the dismissal
hearing with the attorney in attendance for the
Trustee, Glenn Fahl, counsel for "Natural Persons" has**

never communicated with Ms. Hitchcock or anyone else in
the office of the Chapter 13 trustee. Further, he has
never advised anyone in the office of the Chapter 13
Trustee that "Natural Persons" is a creditor of the
Debtor in this bankruptcy proceeding. As such, this
allegation that Attorney, Glenn Fahl, 'misinformed' Ms.
Hitchcock is patently untrue and constitutes scandalous
and defamatory matter prohibited by Rule 9018 of the
Federal Rules of Bankruptcy Procedure, and for which
Pro Se Debtor should be held in Contempt of Court.

12. In paragraph 17 of her Motion to Vacate Dismissal Order,
as another of her many bases for vacating the Dismissal
Order, Debtor states, as follows:

> "17. After the court hearing [on April 21, 2015],
> Attorney Glenn Fahl admitted to setting the
> motions in place to intentionally cause 'the
> confusion' and have Debtor's case dismissed which
> would cause an eviction to take place by Ocwen
> Loan Servicing and Deutsche Bank, thus preventing
> her from responding to the personal injury law
> suit in State District Court, mentioned above."

13. The undersigned, Glenn Fahl, against whom Debtor
has directed these scandalous and defamatory comments
is an officer of this Court, licensed to practice
before this Court has never mislead anyone involving
any litigation concerning Karen Silvio and has never
undertaken any activity for the purpose of causing any
confusion, causing her case to be dismissed and/or an
eviction to take place by Ocwen Loan Servicing and
Deutsche Bank, The undersigned, Glenn Fahl, has never
admitted to anyone at any time, as alleged by Debtor,
to have intentionally caused any of the afore-mentioned
activity.  "Natural Persons" DID NOT join in the
Trustee's Motion to Dismiss this bankruptcy proceeding
or have it converted to a Chapter 7.

14. These statements made by Debtor in paragraph 17 of
her Motion to Vacate are patently untrue and constitute
scandalous and defamatory matter prohibited by Rule
9018 of the Federal Rules of Bankruptcy Procedure, and
for which Pro Se Debtor should be held in Contempt of

Judge Brown denied Silvio's motion to vacate (#74 in H-14-36744).  In response to the alleged untrue statements charge, Fahl and National Recovery filed a motion for sanctions (#75 in H-14-36744) pursuant to Federal Rule of Civil Procedure 9011 and a motion for contempt (#76 in H-14-36744; #6-5, p.3 in H-15-2118) pursuant to Federal Rule of Bankruptcy Procedure 9018.[5]  The Bankruptcy Court held a hearing on the motions on July 14, 2015. Judge Brown then denied the motion for sanctions, but granted the motion for contempt and ordered Silvio to pay counsel for National Recovery $900 within ten days of entry of the order or face civil contempt and incarceration for nonpayment of the fine (#91 in H-14-36744; #6-3 in H-15-2118).  The order finding Silvio in contempt and imposing monetary sanctions is the order being appealed here.

After National Recovery filed a notice of Silvio's failure to comply with the order (#93 in H-14-36744) on July 29, 2015, Judge Brown held a show cause hearing on September 30, 2015 and ordered Silvio to pay the $900 in sanctions by October 9, 2015 or counsel Fahl should request a hearing to hold Silvio in civil contempt. Silvio has never complied with the order despite several notices of

---

**Court.**

[5] Rule 9018 in relevant part states, "On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory material contained in any paper filed in a case under the Code . . . . "

her failure to comply and show cause hearings on them at which Silvio was ordered to pay.[6]

## Court's Decision

Under 28 U.S.C. § 158(a), a federal district court "shall have jurisdiction to hear appeals . . . from final judgments, orders and decrees . . . of bankruptcy judges . . . ." A "final" order is any order that "ends a discrete judicial unit in the large case." *In re Moody*, 817 F.2d 365, 367-68 (5th Cir. 1987).  A civil contempt order is "final" if (1) a finding of contempt is issued by the bankruptcy court and (2) an appropriate sanction is imposed. *United States Abatement Corp. v. Mobile Exploration & Producing U.S., Inc. (In re the Matter of United States Abatement Corp.)*, 39 F.3d 563, 567 (5th Cir. 1994)(and cases cited therein); *In re Taxable Municipal Bond Sec. Litig.*, 85 F.3d 625, *1 (5th Cir. May 7, 1996), *citing  Abatement Corp* and *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 399 (5th Cir. 1987)(holding that a district court's finding of civil contempt was final and appealable because "there [was] a finding of contempt and a concomitant sanction."); *Faulkner v. Kornman*, Misc. H-10-301, 2012

---

[6] On July 29,, 2015, Fahl filed a Notice of Debtor's Failure to Comply and requested a hearing (#93 in H-14-36744).   On October 8, 2015 Silvio filed a motion to request stay of judgment order pending appeal (#96 in H-14-36744).   National Recovery filed another Notice of Debtor's failure to comply (#99 in H-14-36744) on October 22, 2015.  Judge Brown set another show cause hearing on March 21, 2016, over which Bankruptcy Judge Jones presided, and he ordered that Silvio pay the sanctions in monthly $75 increments by set dates.

WL 694925 (Bankr. S.D. Tex. Mar. 1, 2012), *granting motion to certify as appealable*, 2012 WL 3071102, *1 (July 27, 2012)(Isgur, J.).   Thus Judge Brown's July 14, 2015 order finding Silvio in contempt and imposing a monetary sanction of $900 was a final order.   Silvio filed a timely notice of appeal on July 21, 2015, well within the fourteen days allowed under Bankruptcy Rule of Procedure 8002(b)(1).   *See* #1 in H-15-2118.[7]   Although on October 8, 2015, about a week after the contempt order issued, Silvio filed a motion to request stay of judgment order pending appeal (#96 in H-14-36744), a denial of a request for a stay pending appeal is not a final order.   *Faulkner*, 2012 WL 3071102, at *2.

The Court agrees with National Recovery that despite Silvio's rambling brief, Silvio's appeal is from, and limited to, Judge Brown's July 24, 2015 order, and the issue here is whether it should be affirmed.   Although in the "Statement of The Case" and "Issues Presented" in her brief (#14 at p. 7 in H-15-2118) she refers to several motions and issues in the Chapter 13 bankruptcy proceeding, none of the other rulings mentioned was timely

---

[7]   Under Federal Rule of Bankruptcy Procedure 8002(a)(1), "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."   Failure to file a timely notice of appeal deprives a district court of jurisdiction over a bankruptcy appeal.   *In re Bayhi*, 528 F.3d 393, 401 (5th Cir. 2009).

appealed.[8]  "[T]imely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *In re Guerrero*, 599 Fed. Appx. 137, (5th Cir. Mar. 31, 2015), *citing Bowles v. Russell*, 551 U.S. 205, 215 (2007).   "The district court lacks jurisdiction of an appeal [from the Bankruptcy Court] that is not timely filed." *Robinson v. Robinson (In re Robinson)*, 640 F.2d 737, 738 (5th Cir. 1981); *In re Goldblatt*, 253 Fed. Appx. 340, 341 (5th Cir. Oc. 21, 2007), *cert. denied*, 555 U.S. 811 (2008).   Moreover Silvio identified the  "Bankruptcy Court's Disposition" in her brief as, "Debtor/Appellant will pay counsel for creditor $900.00 within 10 days in cash or face civil contempt, civil incarceration for non-payment of this sanctions," clearly referring to the contempt

---

[8] For example, neither Judge Brown's granting of the motion to lift stay pursuant to National Recovery's motion (#50), nor her dismissal of the bankruptcy case on  April 21, 2015 (#71) was appealed.   *See In re Chateaugay*, 880 F.2d 1509, 1511 (2d Cir. 1989)("Courts have uniformly held an order lifting automatic stay to be final and appealable."); *In re Dunne*, No. 3:13CV996 JBA, 2014 WL 9415453, *3 (D. Conn. March 11, 2014).   Nor was her denial of the motion to vacate the dismissal order on May 6, 2015 (#77). *Chateaugay*, *id.* (denial of a lift stay motion is not a final order), *citing In re Deak & Co., Inc.*, 65 B.R. 410 (S.D.N.Y. 1986), and *In re Enron*, 316 B.R. 767, 771 (S.D.N.Y. 2004).   A denial of a motion to vacate is a final order, but such was not appealed by Silvio here.   *Cadle Co. v. Fisher*, 562 F.3d 369, 371 (5th Cir. 2009); *Faulkner*, 2012 WL 3071102 at *2; *Ayanbadejo v. Johnson*, 586 Fed. Appx. 189, 190 (5th Cir. Dec. 9, 2014)(*citing* 15B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 2916 ("The general rule that appeal can be taken from final denial of a motion to vacate a judgment is well settled")), *cert. denied*, 136 S. Ct. 134 (2015).

order.[9]  Yet this statement is the only reference to the contempt order in the brief.

The standard for review of a bankruptcy court's order by the district court is that findings of fact will not be set aside unless "clearly erroneous." *Security Bank of Whitesboro v. Hudgins*, No. 4:95CV341, 1998 WL 34262016, *1 (E.D. Tex. July 1, 1998), *citing In re Matter of Webb*, 954 F.2d 1102, 1104-05 (5th Cir. 1992).  A corollary is that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id., citing id.*  A finding is clearly erroneous when, although there may be evidence to support it, "the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Id.* at *2, *citing id.*  The district court may not reverse the findings of fact of the bankruptcy court merely because the district court would have decided the case differently. *Id.* If there are two permissible views of the evidence, the fact finder's choice between them cannot be 'clearly erroneous.'" *Id., citing id.*  The appellant bears the burden of demonstrating that the bankruptcy judge's findings are clearly erroneous. *Alkasabi v.*

---

[9]  Although Silvio's brief represents, "Appellant alleges during her bankruptcy, Appellee, in collaboration with others, committed fraud upon the court, pursuant to Fed. R. Civ. P. 60(b) and 60(d)," this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and the Federal Rules of Bankruptcy Procedure 8001, *et seq*.

*Rampart Acquisition Corp., LLC*, Civ. A. H-09-4116, 2011 WL 1232341, *7 (S.D. Tex. Mar. 31, 2011)(Harmon, J.).

The court reviews conclusions of law *de novo. Security Bank*, 1998 WL 34262016, at *2.  Mixed conclusions of law and fact are reviewed *de novo. Alkasabi*, 2011 WL 1232341, at *8.

A bankruptcy court's civil contempt order and its imposition of sanctions are reviewed under an abuse of discretion standard. *Alkasabi*, 2011 WL 1232341, at *8, *citing U.S. v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004).  A bankruptcy court is empowered to conduct civil contempt proceedings and to issue orders regarding the outcome.  *Id., citing Placid Refining Co. v. Terrebone Fuel and Lube, Inc. (In the Matter of Terrebonne Fuel and Lube, Inc.*), 108 F.3d 609, 613 (5th Cir. 1997)(concluding "that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code."). "'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'"  *Id., quoting Ingalls v. Bradley (In re Bradley)*, 371 B.R. 782, 788 (Bkrtcy. W.D. Tex. 2007).  "The purpose of damages awarded as a sanction for violating a court order is to '[reimburse] the injured party for the losses and expense incurred because of his adversary's noncompliance.'"  *Id., quoting Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976).

-11-

"The party seeking an order of civil contempt hearing must show by clear and convincing evidence that (1) a court order is in effect; (2) the order required certain conduct by the respondent; and (3) the respondent did not comply with the court order." *Id., citing inter alia Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009). "Clear and convincing evidence in a civil contempt proceeding is 'that the weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, or evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case.''" *Id., quoting Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995). "The only issue in a civil contempt hearing is the respondent's compliance with the court's order; willful intent is not relevant." *Id., citing American Airlines, Inc. v. Allied Pilots Assoc.*, 228 F.3d 574, 581 (5th Cir. 2000). "If the movant establishes a failure to comply with a court order, the respondent then bears the burden of showing mitigating circumstances or that the respondent substantially complied with the court's order or made every reasonable effort to comply, such that the court might withhold exercising its contempt power." *Id., citing Faulkner v. Kornman (In re The Heritage Organization, LLC)*, Bankruptcy No. 04-35574-BJH-11, 2010 WL 3516174, *2 (Bkrtcy. N.D. Tex. Sept. 3, 2010). "As a sanction for

-12-

civil contempt the court may order payment of actual damages, including attorney's fees, from one party to another." *Id., citing Petroleos Mexicanos,* 826 F.2d at 399 ("sanctions for civil contempt are meant to be wholly remedial ans serve to benefit the party who has suffered injury or loss at the hands of the contemnor").

Here the record clearly shows that Silvio's motion to vacate made the statements that Fahl and National Recovery cited in their motion for contempt. It indisputably also shows that Judge Brown issued the contempt order that expressly grants National Recovery's motion for contempt and states, "Debtor will pay counsel for creditor $900.00 within 10 days in cash or face civil contempt, civil incarceration for nonpayment of this sanctions [*sic*]." The record shows that Silvio did not pay in ten days, but continued to dispute the order, including through this bankruptcy appeal. Silvio has not shown mitigating circumstances or that she substantially complied with the court's order or that she made any effort, no less a reasonable one, to comply.

Thus this Court AFFIRMS Judge Brown's final order finding Silvio in civil contempt and imposing monetary sanctions of $900 on her. The Court further

ORDERS that this bankruptcy appeal is DISMISSED with prejudice.

**SIGNED** at Houston, Texas, this __29th__ day of __August__, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE